IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| STEVEN RUSSELL, | ) |  |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | Case No. 19-cv-404-SMY |
| PHILLIP VOSS, ADAM CONNOR, and RYAN JONES, | ) | |
| Defendants. | ) | |

# MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Steven Russell, currently a pretrial detainee at the Madison County Jail, brings this action pursuant to 42 U.S.C. § 1983 for alleged deprivations of his constitutional rights by police officers and a state prosecutor. He seeks monetary damages.

This case is now before the Court for preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to screen prisoner Complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of a Complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b).

## The Complaint

Plaintiff makes the following allegations in the Complaint (Doc. 1): Defendant Connor, a Granite City police detective, knowingly made false statements to a Madison County grand jury on two different occasions about evidence that Plaintiff had been involved in a burglary. (*Id.*, pp.

1

6-7). Jones, a Granite City police officer, submitted a false affidavit in support of a warrant application alleging Plaintiff had participated in the withdrawal of money using a stolen ATM card. (*Id.*). Voss, an Assistant State's Attorney, represented to the Court on several occasions that Plaintiff had participated in the ATM incident, despite knowing this was incorrect. (*Id.*).

Based on the allegations in the Complaint, the Court finds it convenient to designate two Counts in the *pro se* action:

**Count 1:** **Fourth Amendment claim for malicious prosecution.**

**Count 2:** **Fourteenth Amendment claim for denial of due process.**

The parties and the Court will use this designation in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. **Any other claim that is mentioned in the Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly* pleading standard.**[1]

## Discussion

### Count 1

Plaintiff claims he was the victim of malicious prosecution. "To state a claim for malicious prosecution under section 1983, a plaintiff must demonstrate that: (1) he has satisfied the requirements of a state law cause of action for malicious prosecution; (2) the malicious prosecution was committed by state actors; and (3) he was deprived of liberty." *Reed v. City of Chicago*, 77 F.3d 1049, 1051 (7th Cir. 1996) (citing *Smart v. Board of Trustees of Univ. of Ill.*, 34 F.3d 432, 434 (7th Cir. 1994)). "To state a claim for malicious prosecution under Illinois law, a plaintiff must allege that: (1) he was subjected to judicial proceedings; (2) for which there was no probable

---

[1] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

cause; (3) the defendants instituted or continued the proceedings maliciously; (4) the proceedings were terminated in the plaintiff's favor; and (5) there was an injury." *Id.* (citing *Curtis v. Bembenek*, 48 F.3d 281, 286 (7th Cir. 1995)).

Here, Plaintiff does not state that his underlying court case was terminated in his favor. In fact, the Madison County Clerk of Court's public records suggest Plaintiff's charges are still pending. As such, he has failed to state a claim for malicious prosecution.

## Count 2

Plaintiff also claims that he has been denied due process due to false statements given in grand jury and other pretrial proceedings. "A police officer who allegedly knowingly obtains an indictment or makes an arrest in violation of an individual's constitutional rights can be sued under § 1983 for damages." *Stokes v. City of Chicago*, 744 F. Supp. 183, 186 (N.D. Ill. 1990) (citing *Olson v. Tyler*, 771 F.2d 277, 281 (7th Cir. 1985)). Thus, Plaintiff has adequately pled a claim against Connor and Jones.

However, Plaintiff's claim against Voss cannot proceed. That is because prosecutors are absolutely immune from liability "for their core prosecutorial actions." *Lewis v. Mills*, 677 F.3d 324, 330 (7th Cir. 2012) (citing *Hartman v. Moore*, 547 U.S. 250, 261–62 (2006)). Core actions are those "intimately associated with the judicial phase of the criminal process." *Id.* Making statements to a court regarding what the evidence will show is intimately associated with a prosecutor's role in the judicial phase of a case. As such, Voss is immune from suit and will be dismissed with prejudice.

## Motion to Amend

Plaintiff seeks leave to amend his Complaint (Doc. 10). However, Plaintiff's proposed Amended Complaint is essentially a supplement to the current Complaint. The Court does not allow piecemeal amendments. The Motion is therefore **DENIED**.

Plaintiff is permitted to amend his complaint once as a matter of course in accord with Fed. R. Civ. P. 15(a)(1). In order to do this, Plaintiff must submit a single amended complaint that complies with Fed. R. Civ. P. 15 and Local Rule 15.1. The amended complaint must include all claims against all defendants (the Court cannot simply "add" claims or defendants to the original complaint). Plaintiff is advised that an amended pleading supersedes the original pleading, rendering the original void. *See Flannery v. Recording Indus. Ass'n of Am.,* 354 F.3d 632, 638 n.1 (7th Cir. 2004).

## Stay of the Case

Federal courts are required by *Younger v. Harris*, 401 U.S. 37 (1971), to abstain from taking jurisdiction over federal constitutional claims that involve or call into question ongoing state proceedings. *Middlesex County Ethics Committee v. Garden State Bar Association*, 457 U.S. 423, 431 (1982); *Village of DePue, Ill. v. Exxon Mobil Corp.*, 537 F.3d 775, 783 (7th Cir. 2008). *Younger* "precluded federal intrusion into ongoing state criminal prosecutions." *Sprint Commc'ns, Inc. v. Jacobs*, 571 U.S. 69, 78 (2013). This is very clearly an ongoing state criminal prosecution, and a finding that the detectives responsible for building the criminal case had perjured themselves would necessarily interfere with the state case. It is thus subject to *Younger* abstention.

The only remaining question is whether to dismiss or stay the case. Although claims seeking equitable relief are often dismissed, district courts must stay rather than dismiss any claims, including monetary ones, that cannot be vindicated in the pending state proceeding.

*Deakins v. Monaghan*, 484 U.S. 193, 202 (1988); *Simpson v. Rowan*, 73 F.3d 134, 138 (7th Cir. 1995). Since Plaintiff seeks monetary relief, this suit must be stayed until the state criminal proceedings have been fully resolved, including any appeal.

## Disposition

**IT IS HEREBY ORDERED** that **COUNT 1** of Plaintiff's Complaint is **DISMISSED without prejudice** for failure to state a claim upon which relief may be granted. **COUNT 2** may proceed as to Connor and Jones. Defendant Voss is **DISMISSED** with prejudice, and the Clerk of the Court is **DIRECTED** to **TERMINATE** him from the case in the Court's CM/ECF system.

The Court finds that a stay is warranted pursuant to the *Younger* abstention doctrine. The stay is premised on the finding that the challenged statements are connected with criminal charges filed against a criminal proceeding that is ongoing. However, Plaintiff does not expressly plead that the criminal case is ongoing. Accordingly, the Court will postpone entering a stay for a short period of time and allow Plaintiff an opportunity to show cause why the case should not be stayed. If Plaintiff believes that the Court's conclusion is in error and the criminal prosecution is not ongoing, he shall have through **March 2, 2020**, in which to show cause why this action should proceed. **The failure to show cause by that date will result in this action being stayed without further notice.**

**IT IS FURTHER ORDERED** that, once this case is stayed, it will be Plaintiff's responsibility to notify the Court upon the conclusion of his criminal proceedings. The Court will order service upon Defendants Connor and Jones if appropriate when the stay is lifted.

IT IS SO ORDERED.

DATED: February 6, 2020

/s/ Staci M. Yandle
**STACI M. YANDLE**
**U.S. District Judge**