# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| STEVEN D. RUSSELL, #34153, | ) |
| --- | --- |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 19-cv-00404-JPG |
| | ) |
| ADAM CONNOR | ) |
| and RYAN JONES, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

This matter is before the Court for consideration of the Motion to Lift Stay (Doc. 29) filed by Plaintiff Steven Russell on June 14, 2021. Plaintiff filed the underlying action pursuant to 42 U.S.C. § 1983 for alleged deprivations of his constitutional rights by police officers and a state prosecutor. (Doc. 1). The Court screened the Complaint and concluded that a single Fourteenth Amendment due process claim (Count 2) against Defendants Connor and Jones survived screening under 28 U.S.C. § 1915A. (Doc. 16). However, the Court stayed the case pursuant to *Younger v. Harris*, 401 U.S. 37 (1971) because Plaintiff's related criminal cases in *People v. Russell*, Nos. 18-CF-1178 and -2042 ("criminal cases") were still pending. (Doc. 19). The Court indicated that service of the lawsuit on Defendants would be ordered when the stay is lifted.

In his Motion, Plaintiff reports that both criminal cases have concluded following his entry of a guilty plea in both aforementioned matters. The State's prosecution having come to an end, Plaintiff seeks permission to continue with this civil matter. His motion shall be granted.

1

## Disposition

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Lift Stay (Doc. 29) is **GRANTED**, and the stay of this case is **LIFTED**.

This lawsuit shall now be served on Defendants Adam Connor and Ryan Jones, who shall timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 19997e(g). **Pursuant to Administrative Order No. 244, Defendants need only respond to the issues stated in the Screening Order at Doc. 16.**

With regard to **COUNT 2**, the Clerk of Court shall prepare for **ADAM CONNOR** and **RYAN JONES**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint (Doc. 1), the Screening Order (Doc. 16), and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If any Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require the Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If a Defendant can no longer be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with that Defendant's current work address, or, if not known, that Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs

under Section 1915, Plaintiff will be required to pay the full amount of the costs, even though his application to proceed *in forma pauperis* was granted. 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made for leave to proceed without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff. Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED**.

**DATED: 6/24/2021**

s/J. Phil Gilbert
**J. PHIL GILBERT**
**United States District Judge**