IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| STEVEN RUSSELL, #N46044, | ) |
| Plaintiff, | ) |
| vs. | ) Case No. 19-cv-404-JPG |
| ADAM CONNOR, and RYAN JONES, | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Now before the Court is Defendants' Motion to Dismiss Pursuant to FRPC 12(b)(6). (Doc. 45). Plaintiff responded to the motion. (Doc. 47). Defendants filed a Reply (Doc. 48) and Plaintiff filed another response (Doc. 50). Plaintiff's Motion for Recruitment of Counsel (Doc. 49) is also pending. As discussed below, the motion to dismiss will be granted.

### Background

Plaintiff Steven Russell filed this civil rights action pursuant to 42 U.S.C. § 1983 while he was a pretrial detainee at the Madison County Jail. His Complaint alleges that Connor, a Granite City police detective, knowingly committed perjury before the Madison County grand jury in order to keep Plaintiff illegally detained, by falsely testifying that items tying Plaintiff to a burglary were found behind Plaintiff's house. (Doc. 1, pp. 6-7). Plaintiff claims that Jones, a Granite City police officer, knowingly provided a false affidavit to obtain a warrant to access Plaintiff's Facebook account, stating Plaintiff had accompanied another person to withdraw money using a stolen ATM card when Jones knew the other person acted alone. *Id.*

After conducting a threshold merits review of the Complaint pursuant to 28 U.S.C.

1

§ 1915A, the Court allowed Plaintiff to proceed with his claim in Count 2 against both Defendants, for denying him due process in violation of the Fourteenth Amendment.[1] (Doc. 16, pp. 2-3). However, the case was stayed at that time because Plaintiff's criminal prosecution in two Madison County cases related to Defendants' statements and affidavits above was still ongoing. (Doc. 16, pp. 4-5); *see Younger v. Harris*, 401 U.S. 37 (1971).

On June 25, 2021, after Plaintiff reported that he had pled guilty to the charges in *People v. Russell*, Madison County No. 18-CF-1178 and No. 18-CF-2042 ("criminal cases"), the Court lifted the stay. (Doc. 30). Plaintiff remains incarcerated at the Illinois River Correctional Center, serving the sentences imposed in those criminal cases. (Doc. 35; Doc. 46-1; Doc. 46-2).[2]

## Legal Standard

The purpose of a Rule 12(b)(6) motion is to decide the adequacy of the complaint, not the merits of the case. *See Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). When reviewing a Rule 12(b)(6) motion to dismiss, the Court accepts as true all allegations in the complaint and draws all reasonable inferences in the plaintiff's favor. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)); *Tricontinental Indus., Ltd. v. PriceWaterhouseCooper, LLP*, 475 F.3d 824, 833 (7th Cir. 2007); *Marshall v. Knight*, 445 F.3d 965, 969 (7th Cir. 2006). Courts must determine whether the factual allegations in a complaint plausibly suggest an entitlement to relief. *Munson v. Gaetz*, 673 F.3d 630, 633 (7th Cir. 2012) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 681 (2009)).

---

[1] Count 1 for malicious prosecution was dismissed without prejudice. (Doc. 16).
[2] The Court takes judicial notice of the state trial court's orders in the criminal cases which document Plaintiff's guilty pleas and sentences. (Docs. 46-1, 46-2). Court documents are public records of which the Court can take judicial notice. *See Henson v. CSC Credit Servs.*, 29 F.3d 280, 284 (7th Cir. 1994).

**Discussion**

Defendants argue that the doctrine set forth in *Heck v. Humphrey*, 512 U.S. 477 (1994), bars Plaintiff's claims, therefore the Complaint fails to state a claim upon which relief may be granted. *See* FED. R. CIV. P. 12(b)(6). They further argue that to the extent Plaintiff's claims are based on allegedly false grand jury testimony, absolute immunity for the witness applies to bar this suit. (Doc. 45).

In *Heck*, the Supreme Court held that a § 1983 action for damages that "would necessarily imply the invalidity of [a plaintiff's] conviction or sentence" is not cognizable until the conviction or sentence has been reversed, expunged, invalidated, or called into question by a federal court's issuance of a writ of habeas corpus. 512 U.S. at 487. The *Heck* court stated:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

*Id.* at 486-87.

Plaintiff attaches to his Complaint grand jury transcripts from Madison County Case No. 18-CF-1178, which included one count of residential burglary on April 20, 2018, and one count of unlawful use of a credit card. (Doc. 1, pp. 9-14). Defendant Connor testified that the police investigation discovered that a credit card belonging to the burglary victim had been used at a local ATM by a codefendant (Fisk). Fisk admitted his involvement in the burglary and stated that

Plaintiff was with him and stole items from the home. (Doc. 1, pp. 10-12). Officers searched Plaintiff's residence pursuant to a search warrant and found identifying documents belonging to the burglary victim in the alleyway behind Plaintiff's house, after which Plaintiff was arrested. *Id.* at 11. Plaintiff wrote notes in the transcript margins highlighting where the "officer is lying" and making "misleading remarks." *Id.* at 11, 13.

Conner also testified before the grand jury in Madison County Case No. 18-CF-2042, which included two counts of burglary on April 21, 2018. (Doc. 1, pp. 16-21). Fisk led officers to a house where he claimed he and Plaintiff had entered and stolen tools and other items. (Doc. 1, pp. 19-20). When officers searched Plaintiff's Facebook page pursuant to a warrant, the burglary victim identified his stolen paint sprayer that Plaintiff was trying to sell through Facebook. (Doc. 1, pp. 20-21).

Plaintiff attaches Jones's affidavit for the warrant to search Plaintiff's Facebook account. (Doc. 1, pp. 23-25). Plaintiff notes in the margins that the allegations that Plaintiff accompanied Fisk to the ATM were contradicted by security video and comments on other inconsistencies. *Id.*

Plaintiff's claim that Defendants made false or misleading statements regarding his involvement in the burglaries undermines the factual basis for his state criminal convictions. If Plaintiff is to be believed, he was not involved in the crimes to which he pled guilty, and Defendants lied in the course of his prosecution. This scenario fits squarely within the *Heck* doctrine and bars Plaintiff's claims in this suit unless Plaintiff's criminal convictions are overturned or invalidated – and the record in this case demonstrates that those convictions still stand.

Plaintiff protests to no avail that he is not challenging the validity of his convictions and "at no point in [his] Complaint does he visit the question of guilt or innocence." (Doc. 47, p. 3;

4

Doc. 50, pp. 1-2). *Heck* still applies even if the Complaint does not contain an explicit claim of innocence – the key inquiry is whether the basis for the civil rights claim necessarily implies that the conviction is invalid. *Heck*, 512 U.S. at 487. As the Seventh Circuit observed, "[i]t is irrelevant that [the plaintiff] disclaims any intention of challenging his conviction; if he makes allegations that are inconsistent with the conviction's having been valid, *Heck* kicks in and bars his civil suit." *Okoro v. Callaghan*, 324 F.3d 488, 489–90 (7th Cir. 2003) (citing *Edwards v. Balisok*, 520 U.S. 641, 646-48 (1997)); *see also Johnston v. DeVries*, No. 21-2679, 2022 WL 476088 (7th Cir. Feb. 16, 2022) ("the *Heck* bar will apply if the plaintiff's allegations are inconsistent with guilt").

Under *Heck*, Plaintiff cannot maintain his due process claim against Defendants for making false statements that led to his prosecution and eventual guilty plea in the state criminal cases. This action will therefore be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief may be granted. A dismissal under *Heck* is without prejudice, so that the plaintiff may later refile his claim in the event he succeeds in invalidating the conviction. *See Johnson v. Rogers*, 944 F.3d 966, 968 (7th Cir. 2019); *Polzin v. Gage*, 636 F.3d 834, 839 (7th Cir. 2011).

Defendant Connor raises another reason to dismiss the claim against him, noting that Plaintiff's claim is based entirely on Connor's grand jury testimony. (Doc. 46, pp. 5-6; Doc. 1, pp. 6-7, 9-22). Grand jury witnesses are entitled to absolute immunity from any civil rights claims based on their testimony. *Rehberg v. Paulk*, 566 U.S. 356, 366-69 (2012). Plaintiff raises no contradictory authority. (Docs. 47, 50). Indeed, the Complaint does not raise any other allegations against Connor apart from his supposedly perjured grand jury testimony. The Court therefore concludes that Connor is immune from Plaintiff's claim. As such, the dismissal of the suit as against Connor will be with prejudice.

5

Having reached the above conclusions, the Court finds it unnecessary to address Defendants' collateral estoppel argument and makes no comment on whether this matter was appropriately raised in the Reply. (Doc. 48, pp. 2-5; Doc. 50, pp. 2-3).

### Disposition

**IT IS HEREBY ORDERED** that the Motion to Dismiss (Doc. 45) is **GRANTED**. This case is **DISMISSED** for failure to state a claim upon which relief may be granted. The dismissal of the claim against Defendant Jones is **without prejudice**. The dismissal of the claim against Defendant Connor is **with prejudice**.

The Motion for Recruitment of Counsel (Doc. 49) is **DENIED** as moot.

The Clerk of Court is **DIRECTED** to close this case and enter judgment accordingly.

If Plaintiff wishes to appeal this dismissal, his notice of appeal must be filed with this Court within thirty days of the entry of judgment. FED. R. APP. P. 4(a)(1)(A). A motion for leave to appeal *in forma pauperis* must set forth the issues Plaintiff plans to present on appeal. *See* FED. R. APP. P. 24(a)(1)(C). If Plaintiff does choose to appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998). A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. FED. R. APP. P. 4(a)(4). A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of the judgment, and this 28-day deadline cannot be extended.

**IT IS SO ORDERED.**

**DATED: 2/22/2022**

s/J. Phil Gilbert
**J. PHIL GILBERT**
**United States District Judge**